DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NUBIA CARDENAS, et al.,**

           **Plaintiffs,**

                                             **CIVIL ACTION**

v.

                                             **No: 04-2478-KHV-DJW**

**DOREL JUVENILE GROUP, INC., et al.,**

           **Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Dorel Juvenile Group, Inc.'s Motion to Compel Discovery (doc. 66). Dorel Juvenile Group, Inc. ("DJG") moves to compel Plaintiffs to respond to DJG's First Interrogatories No. 2, 3, and 18. For the reasons set forth below, the Court will grant the Motion.

**I.     Background Information**

This is a product liability lawsuit involving a Touriva child safety seat ("Touriva"). According to Plaintiffs, the Touriva was designed, tested, manufactured, labeled, distributed, and sold by Defendant Dorel Juvenile Group, Inc. ("DJG") and its parent corporation, Dorel Industries, Inc. ("DI").[1]

This case arises out of an automobile crash that took place on October 12, 2002. Leeyiceth Reyna, who was then eighteen months old, was in a Touriva in the rear seat of one of the automobiles

---

[1] Compl. (doc. 1), ¶¶ 4, 7 & 9.

involved in the crash.[2]  Plaintiffs claim that as a result of the crash, Leeyiceth hit her head on one or both of the notched, rigid, unpadded and hard plastic "side wings" of the Touriva, causing her to suffer massive and permanent brain damage and other life-altering injuries.[3]  Plaintiffs allege that, with a properly designed seat, Leeyiceth would not have sustained such injuries.

Plaintiffs assert strict liability claims against DJG and DI based on alleged design, testing, manufacturing, labeling, and warning defects in the Touriva.[4]  Plaintiffs also assert claims against DJG and DI for negligence in the design, testing, manufacture, labeling, and warning of defects in the Touriva.[5]  In addition, Plaintiffs bring claims under the Kansas Consumer Protection Act against all Defendants, alleging that the sale of the Touriva was a deceptive and unconscionable act.[6]

## II.  Analysis

### A.  First Interrogatory No. 3

This interrogatory reads:

If you contend that the Child Restraint System was defectively designed, state with particularity each and every element of the design which you contend was defective, how such design was defective and the manner in which the injuries were caused, contributed to and/or permitted to occur as the result of each alleged design defect.

---

[2] Id., ¶¶ 14-15.

[3] *Id.*, ¶¶ 16, 40.

[4] *Id.*, Count I.

[5] *Id.*, Count II.

[6] *Id.*, Count V.

Plaintiffs responded by stating that it does contend that "the safety seat was defectively designed and that Lilly Reyna's brain damaged was caused by those defects." Plaintiffs, however, objected to providing the other requested information for two primary reasons. First, Plaintiffs objected that the interrogatory "blankets Plaintiffs' entire Complaint, which contains over forty separate paragraphs individually identifying claims of defective and negligent design." Plaintiffs asserted that this single interrogatory is actually more than forty separate interrogatories and that DJG has therefore exceeded the Scheduling Order's limit on the number of interrogatories.

Second, Plaintiffs objected on the basis that the interrogatory is overly broad and unduly burdensome on its face. Plaintiffs asserted that the interrogatory does not comply with this Court's rulings in *Stoldt v. Centurion Industries, Inc.*[7] and other cases, which deal with interrogatories that "blanket" the entire case and which are overly broad and/or unduly burdensome on their face.

In their response to the Motion to Compel, Plaintiffs assert three objections: (1) this interrogatory seeks attorney-client privilege communications and work product, (2) it is overly broad and unduly burdensome, and (3) it is the equivalent of numerous interrogatories and therefore exceeds the limit placed on the number of interrogatories. Plaintiffs also assert that in the event the Court does not find this interrogatory to be objectionable, they should not have to answer it until Defendants have responded to Plaintiffs' written discovery.

---

[7] No. 03-2634-CM-DJW, 2005 WL 375667 (D. Kan. Feb. 3, 2005).

### *1.  Attorney-client privilege and work product*

Plaintiffs argue in their response to the Motion to Compel that this interrogatory would require them to reveal privileged attorney-client communications and protected work product. They ask that the Motion to Compel be denied on this basis. In their initial responses to this interrogatory, however, Plaintiffs did not assert any objection based on attorney-client privilege or work product immunity.

It is well settled that the failure to timely assert an objection to an interrogatory results in waiver of the objection.[8] Federal Rule of Civil Procedure 33(b)(1) provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories."[9] Subsection (b)(4) of the Rule further provides that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."[10] This waiver rule applies to claims of attorney-client privilege and work product immunity.[11]

As Plaintiffs did not timely assert their privilege and work product objections in their initial response to this interrogatory, the Court deems them waived. Plaintiffs are not allowed to assert privilege and work product immunity for the first time in their opposition to the Motion to Compel. The Court will therefore decline to deny the Motion to Compel on this basis.

---

[8] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 665 (D. Kan. 2004).

[9] Fed. R. Civ. P. 33(b)(3).

[10] Fed. R Civ. P. 33(b)(4).

[11] *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan. 1985).

### 2. *Overbreadth and undue burden*

Plaintiffs argue that this interrogatory is objectionable because it is overly broad and unduly burdensome on its face and would require them to provide a narrative account of their entire case. In addition, they assert that this interrogatory violates the principles set forth in *Allianz Insurance Co. v. Surface Specialties, Inc.*[12] and *Hilt v. SFC, Inc.*[13]

The Court disagrees, and does not find the interrogatory to be overly broad or unduly burdensome on its face. Furthermore, this interrogatory is clearly distinguishable from those at issue in *Allianz* and *Hilt*. In *Allianz,* the interrogatories required the plaintiff to (1) state in detail "each and every fact" upon which the allegations and claims contained in certain paragraphs of its complaint were based, (2) state the names and addresses of each and every person who had information or knowledge concerning such facts, and (3) identify each and every document that related to all of those allegations and facts.[14] This Court in *Allianz* held that "interrogatories seeking 'each and every fact' and which blanket the entire case are objectionable."[15] The Court explained:

> Interrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses. Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense. Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably place upon the

---

[12] No. Civ. A. 03-2470-CM-DJW, 2005 WL 44534 (D. Kan. Jan. 7, 2005).

[13] 170 F.R.D. 182 (D. Kan. 1997).

[14] 2005 WL 44534, at *8.

[15] *Id.*

answering party "the duty to answer them by setting forth the material or principal facts." In addition, interrogatories "which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations" may possibly survive objections that they are overly broad or unduly burdensome.[16]

This Court ruled similarly in *Hilt*, holding that interrogatories were overly broad and unduly burdensome where they asked the plaintiff to state "each and every fact supporting all of the allegations in Counts I through VI and identify each person having knowledge of each fact and all documents purporting to support Counts I through IV."[17] The Court characterized the interrogatories as "blockbuster" interrogatories that would require the plaintiff to provide the equivalent of a narrative of her entire case together with identification of virtually all supporting evidence for each and every fact.[18] The Court noted that its rule against "blockbuster" interrogatories was intended to prevent parties from "indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case."[19]

Unlike the interrogatories at issue in *Allianz* and *Hilt*, this interrogatory does not ask Plaintiffs to identify "each and every fact" or "all facts" that support their allegations. Rather, this interrogatory asks Plaintiffs to identify "each and every element of the design" that Plaintiffs' contend is defective, and to identify how the design was defective and the manner in which Plaintiffs' injuries were causes by each alleged defect. This interrogatory is a far cry from one that requires Plaintiffs to relate "every conceivable detail and fact" which may relate to their case.

---

[16] *Id.* (citations omitted).

[17] 170 F.R.D. at 186.

[18] *Id.*

[19] *Id.* at 186-87.

6

The Court finds that this interrogatory is sufficiently narrow so as to not be unduly burdensome or overly broad on its face. DJG is entitled to know the elements of the design of the Touriva that Plaintiffs claim are defective and how those elements allegedly caused Leeyiceth Reyna's injuries. The Court therefore overrules Plaintiffs' overbreadth and unduly burdensome objections.

### 3. *Exceeding the maximum number of interrogatories*

Plaintiffs also argue that this one interrogatory "effectively amounts to scores of interrogatories masquerading as only one,"[20] and that Plaintiffs have therefore exceeded the number of interrogatories allowed. The Scheduling Order in this case provides that each party may not propound more than twenty-five interrogatories, inclusive of subparts, to any other party.[21] This language tracks the language of Federal Rule of Civil Procedure 33(a), which provides that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."[22]

The Court does not find that this one interrogatory should be counted as multiple interrogatories that exceed the limit. While this interrogatory could be construed as having three discrete subparts (i.e., (1) identify the element of each alleged design defect, (2) state how such element of design was defective, and (3) identify the manner in which each defect caused any alleged injuries), the fact that it seeks this information about multiple alleged design defects does not turn it into multiple interrogatories. This

---

[20] Pls.' Resp. to Mot. to Compel Disc. (doc. 70) at p. 7.

[21] *See* January 31, 2005 Scheduling Order (doc. 24), ¶ II.d.

[22] Fed. R. Civ. P. 33(a).

7

interrogatory does not contain multiple subparts that discuss various, unrelated topics. Rather, it is one interrogatory directed at eliciting details concerning a *common theme*. The Court therefore finds that it should not be counted as multiple interrogatories.[23] Furthermore, the fact that Plaintiffs' Complaint contains more than forty paragraphs discussing the Touriva's alleged design defects should not defeat DJG's ability to discover information regarding each claimed defect. The Court therefore overrules Plaintiffs' objection that this interrogatory is actually multiple interrogatories that exceed the limit placed on the number of interrogatories.

### 4. *Postponing Plaintiffs' obligation to respond*

Finally, the Court rejects Plaintiffs' argument that they should not have to respond to this interrogatory at this stage of the litigation, i.e., before Defendants have responded to all of Plaintiffs' written discovery requests. To the extent Plaintiffs are concerned that their answer to this interrogatory might change during the course of discovery, Plaintiffs can, and in fact, may have a duty to, supplement their answer.[24]

---

[23]*See* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed.1994) "([I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation."). *Accord Williams v. Board of County Comm'rs of Unified Gov't of Wyandotte County and Kan. City, Kan.,* 192 F.R.D. 698, 701 (D. Kan. 2000).

[24]*See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 n.45 (D. Kan. 2004) (citing Fed. R. Civ. P. 26(e)(2). Rule 26(e)(2) provides that "[a] party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").

(continued...)

### *5. Conclusion and summary of ruling*

The Court has overruled all of Plaintiffs' objections to this interrogatory and rejected Plaintiff's alternative argument that they should not have to respond to this interrogatory until after Defendants have responded to Plaintiffs' written discovery. The Court will therefore grant DJG's Motion to Compel with respect to First Interrogatory No. 3. Within **twenty (20) days** of the date of this Order, Plaintiffs shall serve an amended answer to this interrogatory.

### B.     First Interrogatory No. 2

This interrogatory reads as follows: "If you contend the Child Restraint System was defectively designed, identify all documents which support your contention." Plaintiffs answered that they do contend that "the safety seat was defectively designed." Plaintiffs, however, objected to this interrogatory on several grounds. Those objections were identical to those they asserted in response to First Interrogatory No. 3, discussed above. In their opposition to the Motion to Compel, Plaintiffs also assert the same objections and make the same arguments that they made in their opposition to the Motion to Compel with respect to First Interrogatory No. 3.

The Court makes the same rulings regarding First Interrogatory No. 2 that it made regarding First Interrogatory No. 3. That is, the Court finds that DJG has waived the right to assert attorney-client privilege and work product immunity objections, because DJG failed to timely assert those objections in its initial response to this interrogatory.

---

[24](...continued)
.

The Court also overrules DJG's objections that this interrogatory is overly broad and unduly burdensome on its face. The interrogatory does not ask DJG to produce all documents that support *every fact* relating to its claims of defective design. Rather, this interrogatory asks Plaintiffs to produce all documents that support its claims that the Touriva was defectively designed. Furthermore, it does not blanket the entire Complaint as DJG alleges, for it is limited to Plaintiffs' defective design claims.[25]

Additionally, this Court's decision in *Hiskett v. Wal-Mart Stores, Inc.*,[26] supports the conclusion that this interrogatory is not facially overbroad or unduly burdensome. In *Hiskett*, the Court addressed overbreadth and unduly burdensome objections to an interrogatory that asked the plaintiff in an employment discrimination case to "state all facts and identify each and every witness and document that supports [her] allegation that she was denied the position because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act of Discrimination."[27] The Court found the interrogatory overly broad and unduly burdensome on its face to the extent it sought "all facts" that supported her sex and pregnancy discrimination allegations, and the Court limited it to the principal or material facts upon which

---

[25] The interrogatory does not ask for documents supporting Plaintiffs' claims that the Touriva was "tested, manufactured and labeled in a defective condition" (Complaint, ¶ 45), Plaintiffs' failure to test claims (Complaint, ¶ 53.g., h), their failure to warn and instruct claims (Complaint, ¶ 45.m., n., o), or their Kansas Consumer Protection Act claims (Complaint, ¶¶ 69-75).

[26] 180 F.R.D. 403 (D. Kan. 1998).

[27] *Id*. at 404.

10

supported her claims.[28] The Court, however, did not find the interrogatory objectionable to the extent it asked the defendant to identify the witnesses and documents that supported her sex and pregnancy discrimination allegations.[29] Applying these rules to this interrogatory, the Court does not find it to be overly broad or unduly burdensome merely because it asks Plaintiffs to identify all documents that support their particular claim that the Touriva was defectively designed.

Furthermore, the Court notes that Federal Rule of Civil Procedure 26(a)(1)(B) has already imposed a duty on Plaintiffs to disclose "all documents, data compilations, and tangible things" that are in its possession, custody or control which Plaintiffs "may use to support [their] claims."[30] Thus, this interrogatory should not impose any undue or extraordinary burden on Plaintiffs.

For the same reasons discussed above in connection with First Interrogatory No. 3, the Court rejects DJG's argument that this interrogatory is more than just a single interrogatory and that it exceeds the maximum number of interrogatories allowed. The Court also rejects Plaintiffs' argument that they should not have to respond to this interrogatory until Defendants have responded to Plaintiffs' written discovery requests.

In light of the above, the Court will grant DJG's Motion to Compel with respect to First Interrogatory No. 2. Within **twenty (20) days** of the date of this Order, Plaintiffs shall serve an amended answer to this interrogatory.

---

[28]*Id*. at 405.

[29]*Id.*

[30]Fed. R. Civ. P. 26(a)(1)(B).

### C.        First Interrogatory No. 18

This interrogatory reads as follows: "If you contend that punitive damages should be assessed against DJG, set forth all facts (not legal conclusions) in support of your contention and identify all documents which support your contention." Plaintiffs asserted the same objections to this interrogatory that they asserted to First Interrogatories No. 2 and 3.

Prior to filing its Motion to Compel, DJG offered to narrow this interrogatory so that it no longer asks for *all* facts and *all* documents. As revised, the interrogatory asks Plaintiffs to "set forth the *principal and material facts* (not legal conclusions)," and to identify the "principal and material documents," which support Plaintiffs' claim for punitive damages. Plaintiffs, in their response to the Motion to Compel, do not address DJG's offer to narrow and modify the interrogatory. Instead, Plaintiffs make the same objections and arguments that they made in their opposition to the Motion to Compel with respect to Interrogatories No. 2 and 3.

The Court overrules Plaintiff's privilege and work product objections for the same reasons set forth above. The Court also overrules Plaintiffs' overbreadth and undue burden objections. *As modified by DJG*, the interrogatory permissibly seeks the *principal* and *material* facts and the *principal* and *material* documents supporting Plaintiffs' claim for punitive damages. Such an interrogatory is clearly permissible under the rules set forth in *Allianz*[31] and *Hilt*,[32] *supra*. The Court therefore overrules these objections.

---

[31]The Court in *Allianz* held that although interrogatories may not properly ask for "all facts" or "each and every fact" supporting a claim or defense, they may properly ask for the "principal or material" facts that support an allegation or defense. 2005 WL 44534, at *8.

[32]In *Hilt,* the Court rejected interrogatories that asked a party to state "each and every fact" supporting numerous allegations and identify all documents and persons having knowledge of those facts,
(continued...)

12

For the same reasons discussed above, the Court also overrules Plaintiffs' objection that this interrogatory should be deemed multiple interrogatories that exceed the limit on interrogatories. Finally, the Court rejects Plaintiffs' argument that they should not have to provide this information until Defendants have responded to Plaintiffs' written discovery.

Accordingly, the Court overrules Plaintiffs' objections to First Interrogatory No. 18, *as modified by DJG,* that is, as limited to the principal and material facts and the principal and material documents supporting Plaintiffs' claim for punitive damages. The Motion to Compel is granted as to this *modified* version of First Interrogatory No. 18. Within **twenty (20) days** of the date of this Order, Plaintiffs shall serve an amended answer to this modified interrogatory.

### III.  Expenses and Fees

DJG states that it does not seek sanctions in connection with its motion, but it recognizes that the Court may award them. Federal Rule of Civil Procedure 37(a)(4) governs the imposition of expenses in connection with motions to compel. Subsection (a)(4)(A) provides that when a motion to compel is granted, "the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees, unless the court finds

---

[32](...continued)
but declined to reject as overly broad or unduly burdensome interrogatories that ask a party to identify all "material allegations" and all knowledgeable persons and supporting documents for those "material allegations." 170 F.R.D. at 188.

that . . . the opposing party's . . . response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[33]

Here, the Court has granted DJG's Motion to Compel in its entirety and overruled Plaintiffs' objections. Thus, the Court finds that an award of reasonable expenses, including attorney fees, may be appropriate here. Before the Court may make any such award, however, the non-moving party must be afforded the "opportunity to be heard."[34] An actual hearing is not necessary, however, and the Court may consider the issue of expenses "on written submissions."[35] The "written submission" requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response.[36]

Here, DJG did not request sanctions in its motion. Thus, Plaintiffs have not been given sufficient "opportunity to be heard," and the Court will decline to award expenses at this time. To satisfy the "written submissions" rule, the Court will direct Plaintiffs to show cause, in writing, within **thirty (30) days** of the date of filing of this Memorandum and Order, why the Court should not award DJG the reasonable expenses and attorney fees it incurred in bringing this Motion to Compel. DJG shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that expenses and

---

[33]Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

[34]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)); *Fears v. Wal-Mart Stores, Inc.*, No. 99-2515-JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13, 2000).

[35]*Fears*, 2000 WL 1679418 at *6 (citing Advisory Committee Note to the 1993 Amendments to Rule 37(a)(4)).

[36]*Id.*

fees should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that DJG has incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Dorel Juvenile Group, Inc.'s Motion to Compel Discovery (doc. 66) is granted as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs shall show cause, in writing, within **thirty (30) days** of the date of filing of this Memorandum and Order, why the Court should not award DJG the reasonable expenses and attorney fees it has incurred in bringing this Motion to Compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 21st day of October 2005.

<u>s/David J. Waxse</u>
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties