DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**NUBIA CARDENAS, et al.,**

        **Plaintiffs,**

                        **CIVIL ACTION**

**v.**

                        **No: 04-2478-KHV-DJW**

**DOREL JUVENILE GROUP, INC., et al.,**

        **Defendants.**

## **REPORT**

On August 31, 2005, the undersigned Magistrate Judge entered an Order (doc. 86), granting in part Plaintiffs' Motion to Compel Discovery from Defendant Dorel Juvenile Group ("DJG") (doc. 39). The undersigned granted Plaintiffs' request for sanctions, pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), ruling that Plaintiffs were entitled to recover a portion of the reasonable expenses and attorney fees they had incurred in bringing the Motion to Compel. On October 13, 2005, the undersigned entered an Order (doc. 98), granting in its entirety Plaintiffs' Second Motion to Compel Discovery, which sought discovery from Defendant Dorel Industries, Inc. ("DI") (doc. 62). The undersigned granted Plaintiffs' request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), holding that Plaintiffs were entitled to recover the reasonable expenses and attorney fees they had incurred in bringing their Second Motion to Compel. Both of the sanctions rulings were premised on the undersigned's findings that a significant number of Defendants' objections were not substantially justified.

DJG and DI have now filed motions (doc. 91 & 102) seeking review of these sanctions rulings.[1] On November 14, 2005, United States District Judge Kathryn H. Vratil entered an Order (doc. 117) remanding this matter to the undersigned Magistrate Judge for identification of the specific objections he found were not substantially justified.

This Order will set forth the objections that the undersigned found were not substantially justified and the standard under which those findings were made.

## I.     Applicable Standard

### A.     Rule 37(a)(4)

Federal Rule of Civil Procedure 37(a)(4) governs the imposition of sanctions in connection with motions to compel. Pursuant to subsection (A) of Rule 37(a)(4), when a motion to compel is granted in its entirety, as was the motion filed against DI, the award of fees and expenses to the moving party is mandatory, unless certain exceptions apply. The Rule provides in pertinent part: "If the motion [to compel discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response or objection was *substantially justified*, or that other circumstances make an award of expenses unjust."[2]

---

[1] The undersigned has yet to enter an order awarding the specific amount of fees and expenses. Consequently, Defendants are, at the present time, seeking review only of the undersigned's rulings to award sanctions, and not any rulings as to the amount of the awards.

[2] Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

2

Where the motion to compel is granted in part and denied in part, as was the motion filed against DJG, subsection (C) to Rule 37(a)(4) applies. Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[3]

### B.    When Is a Response or Objection "Substantially Justified"?

Courts have generally applied the Supreme Court's holding in *Pierce v. Underwood*,[4] to define the term "substantially justified." In *Pierce*, the Court determined the meaning of "substantially justified" as used in the Equal Access to Justice Act. The Act provides for the award of attorney fees where the government's position was "not substantially justified."

The Court first recognized that the term "substantial" is susceptible of greatly varying interpretations.[5] In interpreting the term, the Court noted that it is used in Federal Rule of Civil Procedure 37.[6] The Court stated:

> In an area related to the present case in another way, the test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was "substantially justified," Fed. Rules Civ. Proc. 37(a)(4) and (b)(2)(E). To our knowledge, that has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," Advisory Committee's Notes on 1970 Amendments to Fed. Rule Civ. Proc. 37(a)(4), 28 U.S.C.App., p. 601 . . . or "if reasonable people could differ as to the appropriateness of the contested action."[7]

---

[3]Fed. R. Civ. P. 37(a)(4)(C).

[4]487 U.S. 552 (1988).

[5]*Id.* at 565.

[6]*Id.*

[7]*Id.* (some citations omitted).

3

The Court went on to state:

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"– that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.[8]

The Court made it clear that the term "substantially justified" is not synonymous with the term "reasonably satisfied." It noted:

> Contrary to Justice Brennan's suggestion . . . our analysis does not convert the statutory term "substantially justified" into "reasonably justified." Justice Brennan's arguments would have some force if the statutory criterion were "substantially correct" rather than "substantially justified." But a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

In light of the above, lower courts have generally held that a discovery objection or response is "substantially justified" within the meaning of Rule 37, if it is "justified to a degree that could satisfy a reasonable person"[9] or where "reasonable people could differ as to the appropriateness" of the objection or response.[10]

---

[8] *Id.*

[9] *See, e.g., Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005).

[10] *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

## II. The Undersigned's Findings Regarding Whether Defendant's Objections/Responses Were Substantially Justified[11]

With respect to Plaintiffs' First Interrogatories, the Court found DJG's vagueness objection to First Interrogatory No. 9 and all of DJG's objections to First Interrogatories No. 10 and 11 were not substantially justified.

With respect to DJG's responses to the requests for production, the undersigned found DJG's generic response that documents "have been produced"[12] given in response to First Requests No. 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 34, 35, 37, 38, 41, 42, 45, 56, 57, 58, 59 and 56 was not substantially justified. The Court also found DJG's responses/objections to the following requests were not substantially justified: (1) First Requests No. 2, 3, 5 and 6; (2) First Requests No. 7; (3) First Requests No. 10 and 15; (4) First Request No. 11; (5) First Request No. 12 (vagueness objection); (6) First Request No. 13; (7) First Request No. 17; (8) First Request No. 18; (9) First Request No. 19 and 20 (vagueness objection); (10) First Requests No. 22, 23 and 27 (facially overbroad objection); (11) First Requests No. 32 and 33; (12) First Requests No. 36 (vagueness objection); (13) First Request No. 37 (vagueness, unduly burdensome, and facially overbroad objections); (14) First Request No. 38; (15) First Request No. 40 (facially overbroad objection); (16) First Request No. 41; (17) First Request No. 42, 45 and 49

---

[11]For the District Judge's convenience, the undersigned will address Defendants' objections/responses in the same order and in the same groupings that they were discussed in the August 31, and October 13, 2005 Orders.

[12]As noted in the Court's Memorandum and Order (doc. 86), the Court found DJG's response that the documents "have been produced" to be deficient in that DJG failed to either produce the documents as kept in the ordinary course or to label and organize them to correspond with each request, as required by Fed. R. Civ. P. 34(b).

(vagueness and unduly burdensome objections); (18) First Request No. 46; and (19) First Request No. 50 (vagueness and unduly burdensome objections).

### B.     Plaintiffs' Second Motion to Compel (doc. 62) and DI's Objections/Responses

With respect to DI, the Court found that its general objection was not substantially justified.  The Court also found DI's unduly burdensome (except as directed to Plaintiffs' use of the term "pertaining to"), vagueness, and overbreadth (based on unreasonable time period) objections to First Requests No. 57, 58 and 60-69 were not substantially justified.  In addition, the Court found DI's objections to First Request No. 59 were not substantially justified.  Finally, the Court found DI's unduly burdensome (except as directed to Plaintiffs' use of the phrase "discuss, reflect, pertain or relate to"), vagueness, and overbreadth (based on unreasonable time period) objections to First Request Nos. 70 and 71 were not substantially justified.

As the undersigned found a significant number of the objection/responses were not substantially justified, the Court concluded it was appropriate to award Plaintiffs expenses and attorney fees incurred in connection with their motions to compel.

Respectfully submitted.

Dated in Kansas City, Kansas on this 22nd day of December, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties