# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NUBIA CARDENAS, individually and as natural guardian of Leeyiceth Reyna, a minor, and SOUTHWEST NATIONAL BANK, as Conservator for Leeyiceth Reyna, a minor, ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2478-KHV |
| DOREL JUVENILE GROUP, INC., DOREL INDUSTRIES, INC., WAL-MART STORES, INC., and WAL-MART STORES EAST, INC., ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed this products liability suit for injuries which Leeyiceth Reyna suffered in a car accident while seated in a child restraint allegedly manufactured, distributed and sold by defendants. This matter comes before the Court on Dorel Juvenile Group, Inc.'s Motion To Review Magistrate's Order Awarding Sanctions (Doc. #91) filed September 15, 2005 and Defendant Dorel Industries Inc.'s Motion To Review Magistrate's Order Awarding Sanctions On Plaintiff's Second Motion To Compel (Doc. #102) filed October 24, 2005. For reasons set forth below, the Court finds that defendants' motions should be overruled.

## Legal Standards

A party may object to a magistrate judge's order pertaining to a discovery matter. See Fed. R. Civ. P. 72(a). Upon objection, the district court may "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see

28 U.S.C. § 636(b)(1)(A). Under this standard, the district court must affirm the magistrate's rulings "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (citation and quotation omitted). "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." Comeau v. Rupp, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

## Analysis

On August 31, 2005, Judge Waxse granted in part plaintiffs' motion to compel discovery from Dorel Juvenile Group, Inc. ("DJG"). See Order, Doc. #86. Judge Waxse sustained plaintiffs' request for sanctions under Fed. R. Civ. P. 37(a)(4)(C), and found that plaintiffs were entitled to recover a portion of reasonable expenses and attorney fees incurred in bringing the motion to compel. On October 13, 2005, Judge Waxse sustained plaintiffs' second motion to compel discovery from Dorel Industries, Inc. ("DI"). See Order, Doc. #98. Judge Waxse sustained plaintiffs' request for sanctions under Rule 37(a)(4)(C) and found that plaintiffs were entitled to recover a portion of reasonable expenses and attorney fees incurred in bringing the motion to compel. DJG and DI seek review of Judge Waxse's finding that plaintiffs are entitled to sanctions.

On November 14, 2005, the Court noted that Judge Waxse had stated that a "significant number" of defendants' objections were not substantially justified, but did not identify *which* objections were not substantially justified. See Fed. R. Civ. P. 37(a)(4)(C) (providing award of sanctions to prevailing party unless losing party had "substantial justification" for objection or responses). Thus, based on the record the Court could not determine whether Judge Waxse's findings were clearly erroneous or contrary to law. The Court therefore remanded the matter to Judge Waxse to identify the specific objections and responses which he found not substantially

justified.

On December 22, 2005, Judge Waxse filed a Report which clearly sets forth the specific responses and objections which he found were not substantially justified. After reviewing Judge Waxse's findings the Court has determined that Judge Waxse did not abuse his discretion in ruling that the specific objections and responses he identified were not substantially justified.

**IT IS THEREFORE ORDERED** that Dorel Juvenile Group, Inc.'s Motion To Review Magistrate's Order Awarding Sanctions (Doc. #91) filed September 15, 2005 and Defendant Dorel Industries Inc.'s Motion To Review Magistrate's Order Awarding Sanctions On Plaintiff's Second Motion To Compel (Doc. #102) filed October 24, 2005 be and hereby are **OVERRULED**.

Dated this 23rd day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge