DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NUBIA CARDENAS, et al.,**

          **Plaintiffs,**

                            CIVIL ACTION

**v.**

                            No:  04-2478-KHV-DJW

**DOREL JUVENILE GROUP, INC., et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Clarification and/or Relief from Order Compelling Discovery (doc. 106) filed by Defendant Dorel Industries, Inc. ("DI").  For the reasons set forth below, the Court will grant DI's motion, and DI will be relieved of any obligation to produce responsive documents that are contained in the files of its European subsidiaries, Maxi-Miliaan and Ampafrance.

**I.**     **Background Information**

This is a product liability lawsuit involving a Touriva child safety seat ("Touriva").  According to Plaintiffs, the Touriva was designed, tested, manufactured, labeled, distributed, and sold by DI and its subsidiary Defendant Dorel Juvenile Group, Inc.

On October 13, 2005, the Court entered an Order granting Plaintiffs' Motion to Compel Discovery from DI.[1]  One of the many issues raised in the Motion to Compel concerned the production of documents

---

[1] *See* Memorandum and Order filed Oct. 13, 2005 (doc. 98).

regarding certain Maxi-Cosi and Bebe Confort car seats.[2] The Maxi-Cosi line is distributed by Maxi-Miliaan, while the Bebe Confort line is distributed by Ampafrance. Maxi-Miliaan and Ampafrance are European subsidiaries of DI (hereinafter collectively referred to as "European subsidiaries").

In its October 13, 2005 Order, the Court overruled DI's objections that the requests at issue were vague, overly broad, irrelevant, and unduly burdensome. The Court directed DI to serve amended written responses to the requests and either produce the requested documents or make them available to Plaintiffs for inspection and copying. The Court's Order did not address whether DI was required to produce any documents under the control of either Maxi-Miliaan or Ampafrance, as none of the parties raised that as an issue for the Court's resolution.

On October 26, 2005, DI filed the instant motion, seeking clarification as to whether it must produce only documents within its own files, or also documents in the files of one or both of its European subsidiaries. DI contends that it does not have possession, custody or control over responsive documents that are in the files of its European subsidiaries, and that it therefore has no obligation to produce those documents. DI asserts in the alternative, that in the event the Court concludes DI must produce those documents, DI should be allowed to produce the documents for inspection and copying where they are kept in the usual course of business, i.e., in various locations in Europe.

On October 28, 2005, the Court entered an Order relieving DI of the obligation to produce, or make available for inspection, the documents at issue until such time as the parties had fully briefed the

---

[2]The documents at issue were requested in Plaintiffs' First Requests No. 57-58, 60-69.

issues raised in its motion and the Court had issued its ruling thereon. The Court has now reviewed the parties' briefing, and is ready to rule.

## II.     Threshold Issues

### A.     Rule 37.2 Duty to Confer

As a threshold matter, Plaintiffs assert that DI's Motion should be denied because DI did not comply with D. Kan. Rule 37.2 and attempt to resolve the issues with Plaintiffs' counsel prior to filing the motion. DI counters that its motion is not a motion to resolve a discovery dispute pursuant to Federal Rule Civil Procedure 26 through 37, which would require compliance with the Rule.

The Court need not decide whether the instant motion falls within the scope of D. Kan. Rule 37.2, because the Court finds that, even if it does, DI has shown sufficient compliance with the Rule under the specific circumstances present here. The Court will therefore decline to deny the motion on this basis.

### B.     Waiver

Plaintiffs also assert that DI's motion should be denied because DI has waived the right to assert any objection to produce documents that are in the exclusive control, custody, or possession of its European subsidiaries. Plaintiffs contend that DI waived the right to raise this issue because Plaintiffs' document requests defined DI to mean Dorel Industries, Inc., and "all of the companies that are part of Dorel's holdings as described more fully at www.dorel.com. The Dorel website states that "Dorel markets its Juvenile products under the Cosco, Safety 1st, Maxi-Cosi, and Quinny brands as well as the Ampa brands Babideal, Bebe Confort, Baby Relax and MonBebe." Plaintiffs contend that DI should have objected to Plaintiffs' definition when it served its initial responses and objections to the requests. Plaintiffs

argue that DI should not be allowed to assert for the first time—after the Court has already ruled on the Motion to Compel—that it is not required to produce these responsive documents, even if they are in the exclusive possession, custody and control of its European subsidiaries.

The Court disagrees. All but one of the twelve requests at issue state: "Produce all documents in *your* possession, custody or control pertaining to . . . ."[3] The requests do not ask DI to produce documents that are in the possession, custody or control of other entities. Even if the requests were to be so interpreted, such an interpretation would be in violation of Federal Rule of Civil Procedure 34(a). By its express terms, that rule requires a party to produce or provide for inspection and copying only those documents that "are in the possession, custody or control of *the party upon whom the request is served*."[4] Thus, DI correctly interpreted the requests as applying only to documents in *DI's* possession, custody or control. Plaintiffs were not allowed to unilaterally alter DI's obligation to produce documents, and DI's obligation to produce flows from Rule 34(a) and not from any definition imposed by Plaintiffs.

In light of the above, the Court does not find that DI has waived the right to assert the issues of possession, custody or control of these documents. The Court will therefore decline to deny the motion on the basis of any claimed waiver.

---

[3] *See* Ex. 2 to Plaintiffs' Second Motion to Compel Discovery (doc. 62) (emphasis added). The twelfth request, First Request No. 58, merely asks DI to produce all documents pertaining to certain foam inserts found in the Maxi-Cosi Priori child restraint system.

[4] Fed. R. Civ. P. 34(a) (emphasis added).

### III.     Possession, Custody and Control of the Requested Documents

The Court will now turn to the crux of the matter, whether DI has possession, custody or control of these documents, and, thus, an obligation to produce them under Rule 34.  It is evident that DI lacks possession and custody of these documents, as its motion is directed to those responsive documents that are contained only in the files of its European subsidiaries and not in its own files.  Moreover, Plaintiffs do not put forward any facts to dispute DI's assertion that it does not have possession or custody of these documents.  Plaintiffs do, however, dispute that DI's assertion that it lacks control over the documents.  Thus, the issue this Court must decide is whether DI has "control" over these documents, as that term is used in Rule 34(a).

#### A.     Applicable Law

It is well settled that the party seeking production of documents bears the burden of proving that the opposing party has the control required under Rule 34(a).[5]  Rather than adopting a bright-line rule to determine when a corporation is deemed to have control of a related company's documents, the courts tend to focus on the facts shown in each particular case to determine when the corporation has control.[6]  For purposes of Rule 34(a), the term "control" means the legal right to obtain or demand a document from another person or entity.[7]

---

[5] *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970); *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 653 (D. Kan. 2004).

[6] 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Procedure* § 2210 at p. 399 (2d ed. 1994).

[7] *Sithon Maritime Co. v. Holiday Mansion,* No. 96-2262-EEO, 1998 WL 182785, at *6 (D.
(continued...)

Among the factors examined by the courts to determine whether one corporation may be deemed to have legal control of another corporation's documents are: (a) whether there is a commonality of ownership; (b) whether there is an exchange or intermingling of directors, officers or employees of the two corporations; (c) whether there is an exchange of documents between the corporations in the ordinary course of business; (d) whether the non-party corporation was involved in the transaction or events at issue in the litigation; (e) whether the non-party corporation is involved in the litigation; and (f) the extent to which the non-party may benefit (or suffer) from any award in the case.[8]

**B.     Analysis**

Applying these factors to the instant case, the Court holds that Plaintiffs have not met their burden to establish that DI possesses the requisite control over the documents of its European subsidiaries. In fact, the declaration of Frank Rana, DI's Vice-President, Finance, which was submitted by DI,[9] establishes the contrary, i.e., that DI does not have control over these documents.

Mr. Rana provides the following information in his declaration: (a) DI is a Canadian corporation that heads a vertically-integrated network of subsidiaries; (b) DI is both a Canadian operating company and a holding company of foreign subsidiaries, including the European subsidiaries, Maxi-Miliaan and

---

[7](...continued)
Kan. Apr. 10, 1998) ("Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another."); *Nat'l Union Fire Ins. Co. of Pittsburgh*, 159 F.R.D. 562, 566 (D. Kan. 1994).

[8]*Super Film,* 219 F.R.D. at 655; *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306 (M.D. N.C. 1998); *Afros S.P.A. v. Krauss-Maffei Corp*, 113 F.R.D. 127, 130-32 (D. Del. 1986).

[9]*See* Ex. 1, attached to Reply in Supp. of DI's Mot. for Clarification (doc. 113).

6

Ampafrance; (c) DI's foreign subsidiaries focus their day-to-day business efforts on designing, manufacturing, marketing and distributing various products, including child restraint systems; (d) DI, itself, does not manufacture child restraint systems; (e) DI does not exercise any day-to-day control over the design, testing, manufacturing, marketing and distribution practices of its foreign subsidiaries and, in its capacity as a holding company to these subsidiaries, is not capable of doing so; (f) DI maintains separate corporate records and observes all corporate formalities independent of its foreign subsidiaries, including its European subsidiaries; (g) DI's corporate headquarters consists of only twenty-eight employees, six of whom are secretarial and reception staff; (h) DI does not pay the salaries of any employees of its foreign subsidiaries, including its European subsidiaries, nor does DI pay the expenses of those subsidiaries; and (i) DI does not participate in the daily management and operation of any of its subsidiaries, including its European subsidiaries. All of these facts demonstrate the DI's lack of control over its European subsidiaries.

Mr. Rana's declaration also establishes that the European subsidiaries have no involvement in this litigation and no connection to the Touriva at issue in this lawsuit. According to Mr. Rana's declaration, the European subsidiaries do not manufacture or sell the Touriva; the Touriva is manufactured by Defendant Dorel Juvenile Group, Inc. in Columbus, Indiana. Furthermore, Mr. Rana states that the European subsidiaries did not participate in the development, design or testing of the Touriva. Moreover, he states that the European subsidiaries are not involved in the marketing, distribution or sale of the Touriva nor do they receive any benefit from the sale of any Touriva.

7

Finally, Mr. Rana's declaration indicates that there is no exchange of documents between DI and its European subsidiaries in the ordinary course of business. He states that any documents which the European subsidiaries may have that are responsive to the requests for production at issue are neither commonly discussed nor shared with DI (or, for that matter, Defendant Dorel Juvenile Group, Inc.), and that DI does not need the requested documents to conduct its business operations.

Plaintiffs have not provided the Court with any evidence establishing that Mr. Rana's declaration is inaccurate. Although Plaintiffs argue that the declaration is misleading in light of DI's October 26, 2005 production of certain documents relating to "AMPA" car seats, the Court finds that argument unpersuasive. As DI points out in its Response to Plaintiffs' Supplemental Suggestions,[10] the Court has never ordered DI or Dorel Juvenile Group, Inc. to produce all documents relating to "AMPA" car seats. The only documents at issue, i.e., those requested in Plaintiffs' First Requests No. 65-69, are those pertaining to the "design of the side wings" on certain Bebe Confort child seats and the "side impact testing of any [child restraint device] equipped with the Bebe Confort 'Safe Side' system." The fact that DI may have produced documents relating to certain Ampafrance car seats does not establish that Mr. Rana's declaration is inaccurate or misleading.

Upon consideration of the facts detailed above and Plaintiffs' failure to dispute those facts, the Court finds that DI does not have the legal right to obtain the requested documents from the files of its European subsidiaries.

---

[10]*See* DI's Response to Pl.s' Supp. Suggestions in Opp. to Mot. to Clarify (doc. 124).

## IV.     Conclusion and Ruling

As DI does not have the legal right to obtain the requested documents from its European subsidiaries, the Court rules that DI does not have "control" over the documents. Accordingly, DI may not be compelled to produce those documents contained in the files of its European subsidiaries that are responsive to the requests at issue.

**IT IS THEREFORE ORDERED** that Dorel Industries, Inc.'s Motion for Clarification and/or Relief from Order Compelling Discovery (doc. 106) is granted, and DI is not required to produce those responsive documents that are contained in the files of its European subsidiaries, Maxi-Miliaan and Ampafrance.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of February 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties